FILED

03/01/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: AF 06-0163

IN THE SUPREME COURT OF THE STATE OF MONTANA

AF 06-0163

_____

| | |
|---|---|
| IN RE THE RULES OF CONTINUING LEGAL EDUCATION | O R D E R |

_____

Following a publication of proposed revisions to the Rules of Continuing Legal Education, a comment period, and a public meeting on February 14, 2023:

IT IS ORDERED that the proposed revisions as approved by the Court are ADOPTED. The Rules for Continuing Legal Education are amended to read as shown in the attachment to this Order, effective April 1, 2023.

This Order shall be posted on the Court's website. In addition, the Clerk is directed to provide copies of this Order and attached rules to the State Law Library, to Todd Everts, Shana Harrington, and Karl Krempel at Montana Legislative Services, to Eric Goodemote in the Thomson Reuters Rules Department at Thomson Reuters, to Patti Glueckert and the Statute Legislation department at LexisNexis, and to the State Bar of Montana with the request that it provide notice to the membership by publication in the *Montana Lawyer* magazine and through other electronic and timely means.

DATED this 28th day of February, 2023.

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ JAMES JEREMIAH SHEA

# RULES FOR CONTINUING LEGAL EDUCATION

## Principles

  1.  The primary purpose of Mandatory Continuing Legal Education (MCLE) in Montana is to improve the competence of attorneys.

  2.  To better serve the public, the MCLE program functions in the interest of consumer protection, assisting Montana attorneys to keep abreast of changes in both the law and the practice of law to better serve the public.

  3.  Regulatory authority for MCLE rests with the Montana Supreme Court. In light of the authority of the Court provided in Article VII, Section 2, of the Montana Constitution permitting the Court to make rules governing admission to the bar and the conduct of its members, the Court oversees the continuing legal education system.

  4.  The MCLE program should be a means of inculcating principles of ethics and professional conduct, as well as providing knowledge and training in substantive areas of the law.

  5.  Based on the belief that interaction with fellow attorneys contributes to the learning process and advances the goal of civility in the practice of law, a significant portion of the MCLE requirement should be satisfied by in-person activities or by other methods that allow for interaction among the participants and the instructor by electronic means.

  6.  Because the profession's obligation to the public is paramount, all active attorneys must comply with MCLE, subject to the need to accommodate special circumstances.

  7.  The MCLE program should be administered for the Court by the State Bar in a cost effective manner, with the aim being neither to generate revenue nor produce financial losses.

  8.  The Commission should conduct an on-going evaluation of the effectiveness of MCLE, particularly in terms of whether it helps attorneys meet their obligations to the public.

## Rule 1 – Purpose

  These Rules establish standards for the continuing legal education (CLE) required of all persons licensed to practice law in the State of Montana. It is of primary importance

to the members of the State Bar of Montana and to the public that attorneys continue their legal education throughout their active practice of law.

## Rule 2 – Definitions

A. "Accreditation" means verification under the Rules that an educational activity qualifies for Mandatory Continuing Legal Education credit.

B. "Active Member" means any person who is licensed to practice law in the State of Montana and who pays "Active Member" dues to the State Bar of Montana.

C. "Approved Legal Education Activity" means an individual seminar, course, or other activity approved by the Commission.

D. "Commission" means the Montana Commission of Continuing Legal Education.

E. "Board of Trustees" means the Board of Trustees of the State Bar of Montana.

F. "Legislator Member" means a member of the State Bar of Montana who is holding office as a duly elected or appointed member of the Montana House of Representatives or the Montana Senate.

G. "Chairperson" means the chairperson of the Commission.

H. "Credit Hour" means 60 minutes of approved legal education activity.

I. "Emeritus Members" means members who have been granted emeritus status under Article I, Section 3(g) of the Bylaws of the State Bar of Montana.

J. "Inactive Member" means any person who is licensed to practice law in the State of Montana and who pays "Inactive Member" dues to the State Bar of Montana.

K. "MCLE Administrator" means the person designated by the Commission, with the approval of the Executive Director of the State Bar of Montana.

L. "Rule" or "Rules" means the Rules for Continuing Legal Education.

M. "Reporting Year" means April 1st through March 31st.

**Rule 3 - Commission**

A.  Membership, Appointment, and Terms.

The Commission consists of nine Commissioners: six members admitted to practice law in the State of Montana, and three residents of the State not admitted to the practice of law. The State Bar shall nominate and the Court shall appoint Commissioners for three-year terms. Each yearly class shall include two lawyers and one layperson.  In addition, one member of the Montana Supreme Court shall serve as an ex-officio member of the Commission.

The Commission shall designate one of its attorney members to serve as Chairperson for a term of two years.  A Commission member may serve no more than two consecutive terms as Chairperson.  The MCLE Administrator shall serve as Secretary to the Commission.  The Court may terminate membership on the Commission in accordance with the Bylaws of the State Bar.  In the event of a vacancy, the State Bar shall appoint a successor to serve the unexpired term.  The successor will be given first consideration for appointment to a full term at the expiration of the interim appointment.

The Commission has authority to act when a quorum is present.  A quorum of the Commission consists of five or more of its members.

B.  Powers of the Commission.

1.  The Commission shall administer and interpret these Rules.

2.  The Commission shall:

a.  Determine whether, under Rules 8 and 9, all or portions of individual activities not presented by an Accredited Sponsor qualify as CLE activities;

b.  Determine the number of credit hours allowed for each approved CLE activity;

c.  Report annually to the Board of Trustees;

d.  Assess annual affidavit filing fees to pay the reasonable and necessary costs of administering these Rules, assess penalty fees for failure to file affidavits as required by Rule 7, assess a fee for the reinstatement of members under Rule 14, assess sponsor fees, and assess other fees deemed necessary by the Commission;

e.  Meet at least three times per year. The time, method, and place of meetings shall be at the discretion of the Commission, subject to these Rules;

f.  Place upon any member seeking to qualify under these Rules the burden of  proof;

3

g. Direct the State Bar of Montana to transfer members who are not in compliance with Rule 7 from active status to inactive status; and

h. Refer to the Office of Disciplinary Counsel any member the Commission has reason to believe made misrepresentations regarding the completion of CLE requirements.

3. The Commission may take other action deemed necessary to administer these Rules.

C. Committees.

The Chairperson may appoint one or more committees, standing or ad hoc, as appropriate. The Chairperson shall appoint a standing committee known as the "Accreditation Committee" consisting of a least three Commissioners. The Accreditation Committee shall have the interim authority to determine requests for exemption or extension under Rule 6 and earned hours of accreditation under Rules 8 and 9.

D. Expenses of the Commission.

Members of the Commission shall not be compensated except for actual and necessary expenses incurred in the performance of Commission duties.

E. Annual Budget.

The Commission shall submit an annual budget to the Board of Trustees for approval. Expenses of the Commission shall not exceed the annual budget approved by the Board of Trustees.

F. MCLE Administrator.

The Commission may delegate its power to the MCLE Administrator pursuant to guidelines established by the Commission. At each meeting of the Commission, the MCLE Administrator shall report on all determinations made subsequent to the preceding meeting of the Commission.

G. Authority.

The Commission shall operate, for administrative purposes only, under the general authority of the Board of Trustees. For all other purposes including amendments to the Rules, recommendations for changes in the methods of operation, and reports on the effectiveness of enforcement, the Commission shall operate under the authority of the Court.

4

**Rule 4 – Burden of Proof**

The member has the burden to satisfy and document compliance with the requirements of these Rules.


**Rule 5 – Education Requirements for MCLE Compliance**

A.     Active Member Minimum MCLE Requirements.

Active Members must earn a minimum of 15 credit hours of approved CLE each reporting year.  Of those 15 credit hours, the member must earn at least 10 credit hours by attending interactive seminars as defined in Rule 9.  The member may not earn more than 5 credit hours through "other methods" as defined in Rule 9.

B.     Professional Fitness and Integrity Requirements.

Of the 15 credit hours of CLE required each reporting year, at least 2 credit hours must be in Professional Fitness and Integrity activities.  These activities must meet the standards set out in Rule 8B and may be in any or all of the following 3 content areas:

1.     Professional Responsibilities/Ethics.     Activities on understanding and complying with accepted principles of professional conduct and responsibility as established by the Montana Rules of Professional Conduct or established by other state or national rules of professional conduct for lawyers.

2.     Fitness to Practice.  Subject to the limitations in subsection (d) below:

a.     Activities on preventing, recognizing, and responding effectively to personal substance abuse, addictive disorders, stress, and/or mental health issues, including information on available lawyer assistance programs.

b.     Activities on recognizing, reporting, assisting, and supporting attorneys affected by substance abuse, addictive disorders, stress, and/or mental health issues.

c.     Stress management activities as they relate to the practice of law if they focus on developing awareness of stress-related problems in the practice of law, including activities that focus on personality traits susceptible to stress, work/life balance, recognizing signs of stress in oneself or one's colleagues, instituting preventative measures individually, and the development of policies within the law firm or legal department for dealing with stress-impaired attorneys.

d. A member shall not receive credit under this Rule for activities focusing in significant part on techniques or exercises related to these issues—e.g., breathing exercises, meditation, yoga.

3. Activities on acknowledging and advancing the elimination of bias and encouraging diversity and inclusion of all persons in the legal system regardless of race, ethnicity, religion, culture, national origin, social origin or condition, sex, sexual orientation, gender identity, or disabilities.

C. Carry-over Credits.

1. If a member earns more interactive credits than required in any year, the member may carry forward the excess interactive credits and apply them to satisfy the requirements of these Rules in one or both of the next two reporting years. A member may carry forward a maximum of 30 interactive credit hours.

2. A member may not carry forward credits, including Professional Fitness and Integrity credits, earned in any reporting year by "other methods" as defined in Rule 9, or apply those credits to satisfy any requirement of these Rules for any subsequent reporting year.

D. "Comity-Plus" Compliance for Members in Other States and Jurisdictions.

A member who has an active license to practice law in another state or jurisdiction where the member resides ("Resident Jurisdiction") may transfer the number of credits required to meet MCLE requirements of that state or jurisdiction. In order to meet its obligations to the public and the legal profession, the Commission requires the member to complete additional activities, if needed, to satisfy Montana's standards for the total number of credits, and/or the total number of Professional Fitness and Integrity credits, required for CLE compliance.

1. To seek comity-plus compliance, the member must meet all of these criteria:

a. the member has an active license issued by the member's Resident Jurisdiction that has mandatory CLE requirements;

b. the member's address on file with the State Bar of Montana is in that Resident Jurisdiction and has been for a minimum of 45 days prior to the end of the member's compliance period in Montana;

c. the member's Resident Jurisdiction requires the completion of CLE credits to be in compliance with the CLE requirements established by court rule or legislation in the Resident Jurisdiction;

6

d.      the member provides a certificate of good standing verifying CLE compliance in the Resident Jurisdiction and a copy of the member's CLE transcript of activities undertaken to complete the CLE requirements of the Resident Jurisdiction;

e.      the member documents completion of the additional number and types of activities, if any, required to meet Montana's standards for CLE compliance; and

f.      the member submits all proper documentation and the comity-plus compliance processing fee by December 31 of the reporting year.

2.      The Commission will not consider any comity-plus requests submitted after December 31 of the reporting year.  If a member does not submit a comity-plus request by December 31 of the reporting year, the member must comply with Montana's CLE requirements as set forth in Rule 9.

3.      Only complete compliance with a Resident Jurisdiction's CLE requirements will be eligible for comity-plus compliance in Montana.  Individual credits or activities will require individual review under the guidelines established by these Rules.

4.      Only the number of credits required for compliance in the member's Resident Jurisdiction will be credited towards comity-plus compliance in Montana.  Carry-over credits will not be recognized or carried over in Montana.

5.      If additional activities are required for the member to reach Montana's standards for total number of credits, and/or total number of Professional Fitness and Integrity credits, such activities must meet all other Montana CLE Rules for eligible activities and must be interactive in format, as defined in Rule 9.


**Rule 6 – Exemptions, Extensions, and Waivers**

A.      Emeritus Member CLE Requirement.

1.      Each emeritus member shall complete a minimum of 10 credit hours of approved CLE activities each year.  Each of those 10 credit hours must be certified by a qualified provider of legal services, as defined in Article I, Section 3(g)(vi), of the Bylaws of the State Bar of Montana, as training prescribed for emeritus lawyers and related to the field of law for which such lawyers provide legal services to persons unable to pay for such services.

2.	Of the 10 credit hours, at least 5 credit hours must be earned by attendance at interactive seminars as defined in Rule 9.  No more than 5 credit hours may be earned through "other methods" as defined in Rule 9.

3.	If an emeritus member accumulates more interactive credits than required in a year, the excess interactive credits may be carried forward and applied to either or both of the next two succeeding years.  Credits earned by "other methods" may not be carried forward.  A maximum of 20 interactive credit hours may be carried forward.

4.	Emeritus members are subject to the same requirements as active members for credit hours in Professional Fitness and Integrity.

5.	All CLE filing fees are waived for emeritus members.

B.	Inactive Member CLE Exemption.
An Inactive Member is exempt from the CLE requirements of these Rules.

C.	Legislator Member and Governor CLE Exemption.
A Legislator Member or the Governor of the State of Montana is exempt from the CLE requirements of these Rules during his or her term of office as a member of the Montana House of Representatives, as a member of the Montana Senate, or as the Governor.

D.	Judiciary Member CLE Exemption.
A full-time judge or retired judge eligible for temporary judicial assignment and not engaged in the practice of law is exempt from the CLE requirements of these Rules.
A full-time judge is an elected or appointed member of the Judiciary who devotes his or her full-time professional activity to his or her position as a judge.  The Judiciary includes Montana Supreme Court justices, Montana district court judges, tribal judges, Montana water court judges, Montana workers' compensation judge, Montana justices of the peace, Montana city judges, Montana municipal judges, Montana full-time standing masters, federal administrative law judges, U.S. circuit court judges, U.S. district court judges, U.S. magistrates, and U.S. bankruptcy judges.

E.	Other Exemptions.
The Commission may grant exemptions as follows:

1.	Exemptions due to special circumstances.  Upon written and sworn application, accompanied by the annual filing fee required by Rule 3B(2)(d), the Commission may exempt a member from all or a portion of the CLE requirements for a period of not more than one year upon a finding by the Commission of special circumstances, unique to that member, constituting undue hardship.  Such circumstances include:

a.  Severe or prolonged illness or disability of the member that prevents the member from participating in approved CLE activities.  If the member is disabled or hospitalized, a sworn statement from another person who is familiar with the facts may be accepted;

b.  Extended absence from the United States; or

c.  Other extenuating circumstances.

2.  An exemption may not be granted in successive years for the same or similar hardship.

3.  Exemption during year of admission.  An Active Member is exempt from the CLE requirements of these Rules during the balance of the reporting year during which he or she is admitted.

F.  Waiver.

If an Active Member requests to become an Inactive Member after the Commission has notified the Court of noncompliance, the Commission may waive the CLE requirements for the previous year.

G.  Extensions.

The Commission may grant an extension of time for the reporting requirement of Rule 7, upon a finding by the Commission of special circumstances unique to that member constituting undue hardship.

## Rule 7 – Reporting Requirements

A. Report.

On or before April 15 of each year, the Commission shall provide each Active Member, except those granted an exemption under Rule 6, a preliminary report of all CLE credits earned by that member in the previous reporting year.  If the member finds the preliminary report to be inaccurate or incomplete, the member shall provide corrections in writing.  The preliminary transcript, including Commission-approved corrections, if any, will be deemed the official transcript on June 1.

B. Fee.

The Commission shall require payment of a fee not to exceed $45.00 to defray the cost of maintaining records and enforcing the Rules.  The member shall submit the prescribed fee together with the Supreme Court License Tax and the State Bar of Montana Membership Dues submitted by each member.

C. Noncompliance Fees.

Failure to pay the prescribed fee constitutes noncompliance under Rule 13. In addition to the filing fee prescribed in Rule 3B(2)(d), and any applicable comity-plus compliance fee in accordance with Rule 5D, members deemed noncompliant after May 15 shall be assessed an additional fee. Non-compliance after July 1 shall be governed by Rule 13.

D. Failure to Respond.

A member's failure to respond in a timely manner shall constitute noncompliance under Rule 13.

## Rule 8 – Credit Hours and Accreditation Standards

A. Credit Hours.

The Commission shall designate the number of credit hours to be earned by participation in or teaching of approved CLE activities.

Credit shall be earned on the basis of one credit hour for each 60 minutes actually spent by a member in attendance at an approved activity or in preparation for and teaching of an approved activity. Credit will not be earned for time spent in introductory remarks, coffee and luncheon breaks, or business meetings. Further, credit will not be earned for speeches presented at, or attendance at, luncheons or banquets. Repetition of an activity does not qualify for credit.

B. Accreditation and Accreditation Standards - General.

The Commission may approve CLE activities when consistent with these Rules. The following standards govern the approval of a CLE activity:

1. It shall have significant legal content or application;

2. Its primary objective shall be to increase professional competence as a lawyer;

3. It shall constitute an organized program of learning dealing with matters directly related to the practice of law, professional conduct, fitness to practice law, or the ethical obligations of lawyers;

4. It shall be conducted by an individual or group qualified by practical or academic experience in a setting physically suited to the educational activity of the program;

5.	It should include thorough, high-quality, and carefully prepared written materials to be distributed to all attendees at or before the time the activity is presented.  While it is recognized that written materials are not suitable or readily available for some types of subjects, the absence of written materials for distribution should be the exception and not the rule; and

6.	It shall not be offered on a basis that discriminates against attendees on account of race, ethnicity, religion, culture, national origin, social origin or condition, sex, sexual orientation, gender identity, or disabilities.

## Rule 9 – Types of Activities that Qualify for Credit

A.	All activities must meet the standards set forth in Rule 8B.  The following methods of presentation will be considered for credit:

1.	Interactive seminars.  A member must earn a minimum of 10 credit hours per year by attending interactive seminars.  An interactive seminar is an activity where the instructor and at least 4 other participants are available to interact with each other for the purpose of further discussion or answering questions.

2.	Other methods.  A member may earn a maximum of 5 credit hours per year by any one or a combination of the following other methods:

a.	Using audio- or video-produced material;

b.	Participating in online activities that do not provide interaction with instructors and other participants;

c.	Writing an article which appears in any *Law Review* published by an ABA-accredited law school;

d.	Attending courses taught at an ABA-accredited law school subsequent to being admitted to the State Bar of Montana;

e.	Teaching and preparing written materials for an approved activity.  Repetition of such teaching activity does not qualify for credit;

f.	Attending in-house activities offered by law firms, corporate legal departments, or similar entities primarily for the education of their employees or members.  The standards set forth in Rule 8B are applicable to the approval of individual in-house activities.  In addition, the following standards must be met:

i. An application for approval must be filed with the Commission before the date on which the activity is to be held. The applicant shall furnish curriculum materials and a schedule and to provide assurances that client-related matters and case studies are not part of the credit hours being sought;

ii. Five or more lawyers, including the instructor, must attend the activity;

iii. The activity must be scheduled at a time and location so as to be free of interruption from telephone calls and other office matters; and

iv. The applicant must agree to permit any member of the Commission, or a designee of the Commission, including the MCLE Administrator, to attend the activity if the Commission deems it necessary.

g. Satisfactorily completing an approved self-study program; or

h. Utilizing any other method if the applicant can demonstrate the activity has significant legal content and the primary objective of the activity is uniquely connected to the practice of law.

B. The following will not be considered for credit:

1. Bar Review Courses. Credit shall not be earned for any bar review course offered in any state or for any other activity attended before admission to practice law in any state.

2. Teaching at Educational Institutions. Teaching in scheduled activities of any educational institution by a member who has an employment relationship with the institution, either as an employee or as a contractor, or by a member who is a guest speaker on a regular basis is not an approved CLE activity under this Rule.

**Rule 10 – Accreditation of Activities in Other States or Jurisdictions**

The Commission will accredit interactive activities, as defined in Rule 9, held in a state or jurisdiction other than Montana only if the Commission determines the activity meets the standards set out in Rule 8B. A member seeking accreditation under this Rule must provide adequate documentation to establish that the activity meets the standards of Rule 8B. At a minimum, such documentation includes the accreditation application, a timed agenda, and a description of the activity's content. The Commission may reject accreditation of any activity, or a portion of any activity, that it concludes does not meet

the standards of Rule 8B or for which the member has not provided adequate documentation.

## Rule 11 – Accreditation

A. A sponsor may seek accreditation of an activity by submitting the Uniform Application for Approval of Continuing Legal Education, together with a timed agenda, a detailed summary for each topic/session, and the filing fee.

B. If a sponsor fails to seek accreditation, an attorney may seek individual accreditation by submitting the Uniform Application for Approval of Continuing Legal Education for approval, together with a timed agenda, a detailed summary for each topic/session, and the filing fee.

C. The Commission will determine the number of CLE credit hours allowed, if any, and advise the applicant in writing.

D. The Commission will not accredit an activity without application and approval. Accreditation in another jurisdiction will not guarantee accreditation in Montana.

E. Any delay in accreditation caused by the timing of the submission of the application or by an incomplete or unclear application does not exempt an attorney from complying with the Rules and paying the applicable fees.

## Rule 12 – Appeals

An attorney or sponsoring agency disagreeing with a determination of the Commission, the Accreditation Committee, or the MCLE Administrator, other than the noncompliance provisions of Rule 13, shall submit his or her statement, together with supporting data, to the Commission. The Commission shall consider the matter at its next regular meeting. The Commission shall send written notice to the sponsoring agency or attorney advising of the date, time, and location of the meeting and advise that he or she has the right to appear at the meeting and present any evidence on his or her behalf. Consideration of the matter is not an adversarial or contested proceeding, and formal rules of evidence shall not apply. The Commission shall determine the matter by majority vote of those present and its decision shall be final.

**Rule 13 – Noncompliance**

     A.     Notice of Noncompliance.

The Commission shall, by June 1 of each year, send a written notice of noncompliance to each member who has not fulfilled the CLE requirements for the previous year as documented by the official report compiled through the procedure outlined in Rule 7. The notice of noncompliance shall describe the nature of the noncompliance and shall state that, unless the member files an acceptable update to the official report with the Commission by July 1 of that year showing that the noncompliance has been corrected and pays the appropriate fees, the Commission will direct the State Bar of Montana to transfer the member to inactive status until the noncompliance is corrected and the fees required by Rule 7 are paid.

     B.     Notice of Transfer.

No later than ten business days after July 1, the Commission shall furnish the names of the members and the effective date of their transfers to inactive status to the named members, to the Montana Supreme Court, to the Clerk of the Montana Supreme Court, to the Clerks of the District Courts of the State of Montana with the request that they provide a copy to the district judges in their judicial districts, to the Clerk of the Federal District Court of the District of Montana with a request that the Clerk provide a copy to the United States District Judges in Montana, and to the Clerk of the Circuit Court of Appeals of the Ninth Circuit.

     C.     Transfer Not Punishment.

The transfer of a member to inactive status pursuant to this Rule shall not be deemed a punishment or disciplinary action for purposes of the Montana Rules of Professional Conduct or the Montana Rules for Lawyer Disciplinary Enforcement.

     D.     Fee for Reinstatement.

A member transferred to inactive status pursuant to this Rule shall apply for reinstatement as provided in Article I, Section 3(e), of the Bylaws of the State Bar of Montana and shall pay to the State Bar of Montana a fee equal to the greater of $200.00 or the usual and customary fee charged by the State Bar of Montana for transferring a member from inactive to active status.

**Rule 14 – CLE Requirement Upon Reinstatement to Active Status or After Suspension**

This Rule applies to a member transferred to inactive status in accordance with Rule 13 or suspended from the practice of law who applies for reinstatement to active status. The Court may reinstate the member upon the payment of all fees required by the Commission and certification by the Commission that the member has completed the

minimum CLE requirements. The member shall have completed 15 hours of approved CLE for each 12-month period the member was on inactive status or suspended from the practice of law. The total CLE requirements under all of the foregoing shall not exceed 30 hours. The Commission may consider hours of approved CLE that the member has completed within 24 months prior to the application for reinstatement.

## Rule 15 – CLE Requirement Upon Change from Voluntary Inactive or Resigned Status to Active Status

This Rule applies to a member who voluntarily switched from active to inactive status or who resigned membership in the State Bar and who applies for reinstatement to active status. Within six months of re-admission to active status by the Court, the member shall complete 15 hours of approved CLE for each 12-month period of inactive or resigned status, not to exceed a total of 30 hours. The Commission may consider hours of approved CLE which the member has completed within 24 months prior to the application for reinstatement to active status.

Members who believe their occupations during inactive or resigned status are sufficient to warrant readmission to active status without being required to make up CLE credits may submit petitions to the Court for such re-admission setting forth the grounds for re-admission.

If an Active Member requests to become an Inactive Member, the CLE requirements may be waived for the preceding year.

## Rule 16 – Confidentiality

Unless otherwise directed by the Supreme Court or these Rules, the files, records and proceedings of the Commission, as they relate to or arise out of any failure of any member to satisfy the requirements of these Rules, are confidential and shall not be disclosed, except in furtherance of the duties of the Commission, upon the request of the Commission on Practice, or the member affected, or as introduced into evidence or otherwise produced in proceedings under these Rules. After the Commission directs the State Bar of Montana to transfer a member to inactive status, the matter becomes one of public record and is no longer confidential.